IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Linda Kilgus, | : | Case No. 3:05 CV 7279 |
| Plaintiff, | : | |
| vs. | : | |
| Minnesota Mutual Life Insurance, et al., | : | MEMORANDUM DECISION AND ORDER |
| Defendants. | : | |

The parties have agreed to have the undersigned Magistrate enter judgment in this case alleging breach of an insurance contract.  Pending are cross-Motions for Summary Judgment (Docket Nos. 32, 35) to which each party filed Responses (Docket Nos. 36, 39) and Defendant Minnesota Mutual Life Insurance Company (Minnesota Life) filed a Reply (Docket No. 40).  For the reasons that follow, Plaintiff's Motion for Summary Judgment is denied and Defendant Minnesota Life's Motion for Summary Judgment is granted.

## FACTUAL BACKGROUND

The basic facts are undisputed.  Plaintiff was divorced from Frederick Zimmerman (Zimmerman) on or about February 28, 1992 (Docket No. 1, ¶ 2).  Plaintiff married Paul Paquette on January 6, 1996 (Docket No. 33, Exhibit C, p. 6).  Zimmerman married co-Defendant Carol

Zimmerman on July 19, 1994[1] (Docket No. 33, Exhibit B, part 2, p. 16, ¶ 2 ). Zimmerman died on March 6, 2003 (Docket No. 33, Exhibit B, p. 13).

Under the terms of the Linda and Frederick Zimmerman divorce decree, Zimmerman was obligated to pay (1) spousal support of $1,000 per month for a term of 94 months commencing on March 1, 1992 and subject to termination (a) upon completion of the term of months, (b) Plaintiff's death, (c) cohabitation with an unrelated male, or (d) remarriage (Docket No. 33, Exhibit B, P. 15-16); (2) child support of $1,500 per month until his children:  (a) attained eighteen years, (b) graduated from high school provided they were still matriculating on a full time basis at an accredited high school, or (c) until emancipation (Docket No. 33, Exhibit B, p. 6); and (3) premiums on life insurance policy or policies to be maintained for the benefit of Plaintiff and their minor children so long as Zimmerman was obligated to pay support (Docket No. 33, Exhibit B, p. 6).

Defendant Minnesota Life issued a policy to Zimmerman in March 1978 with a face value of $250,000 (Docket No. 33, Exhibit A).  Zimmerman's parents were initially designated as beneficiaries (Docket No. 33, Exhibit A).  On June 16, 1992, Zimmerman designated Plaintiff and his two daughters, Robin May and April Marie, as beneficiaries (Docket No. 33, Exhibit B, part 3).

After Plaintiff remarried, Zimmerman requested a change of beneficiary in January 1997 (Docket No. 33, Exhibit B, part 3, p. 2).  Defendant refused to change the beneficiary without Plaintiff's consent (Docket No. 33, Exhibit B, p. 51).  When Zimmerman died, Defendant Minnesota Life issued checks totaling $75,000 plus interest to each of Zimmerman's two daughters and payment of $100,000 plus interest to Carol Zimmerman (Docket No. 33, Exhibit B, part 3, pp. 20, 21 and 25).

---

[1] The Court approved Plaintiff's request that the claim against the Estate of Frederick Zimmerman c/o Carol Zimmerman, executrix, be dismissed with prejudice (Docket No. 31).

On June 6, 2005, Plaintiff filed a complaint in the Common Pleas Court of Lucas County, Ohio.  Defendant Minnesota Life removed the case to United States District Court for the Northern District of Ohio.  Plaintiff and Defendant Minnesota Life filed Cross-Motions for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

The summary judgment procedure is designed to dispose of cases wherein there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, with the affidavits if any, show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Copeland v. Machilis*, 57 F.3d 476, 478 (6th Cir. 1995) (*citing LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993)).

The moving party bears the initial burden of establishing an absence of evidence to support the non-moving party's case.  *Celotex Co. v. Catrett*, 106 S. Ct. 2548, 2552-2553 (1986).  In the face of a properly supported motion for summary judgment, the defendant cannot rest on his or her allegations to get to the jury without significant probative evidence tending to support the complaint.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986) (*citing First National Bank of Arizona v. Cities Services Co.*, 88 S. Ct. 1575, 1593 (1968)).  The mere existence of a scintilla of evidence to support defendant's position will be insufficient; there must be evidence on which a jury could reasonably find for the defendant.  *Id.* at 2512.

To oppose a motion for summary judgment successfully, the "opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 106 S. Ct. 1348, 1355 (1986).  In determining if the facts are material, the court

must look to the substantive law. The evidence of the non-movant is then taken as true and all justiciable inferences are drawn in his or her favor. *Anderson*, 106 St. Ct. at 2513 (*citing Addickes v. S.H. Kress & Company*, 90 S. Ct. 1598, 1609-1610 (1970)). The court must refrain from resolving conflicts in the evidence or making credibility determinations. *Id*. If after deciding the dispute about a material face is genuine, summary judgment must be denied. *Id.*

## DISCUSSION

In her Motion for Summary Judgment, Plaintiff alleges that Defendant Minnesota Life (1) breached the contract maintained for her benefit; (2) negligently misrepresented that she was an irrevocable beneficiary of Zimmerman's insurance policy issued by Defendant Minnesota Life; and (3) is estopped from refusing to pay her the designated proceeds under the policy. Defendant Minnesota Life argues in its Motion for Summary Judgment that Plaintiff failed (1) to show that the contract was primarily and directly for her benefit and; (2) to establish negligent misrepresentation or estoppel and reliance.

Plaintiff argues that she was an irrevocable beneficiary of Zimmerman's life insurance policy at the time of his death. Thus, she has an absolute, vested interest in the policy that cannot be divested without her consent. Defendant contends that as an alleged third party beneficiary, Plaintiff has failed to demonstrate that the contract in question was directly and primarily for her benefit. The insurance policy guaranteed spousal support payments in the event of Zimmerman's death prior to the completion of such payments. In the alternative, Defendant Minnesota Life argues that once Zimmerman was no longer required by the divorce decree to designate Plaintiff as a beneficiary, he requested that the beneficiary be changed.

Technically, where the right to change a beneficiary in a life insurance policy is not reserved making the designation irrevocable, the named beneficiary has an absolute, vested interest in the

4

policy of which he or she cannot be divested without his or her consent. *Union Central Life Insurance Company v. Buxer*, 62 Ohio St. 385, 390-391 (1900). However, the Magistrate is not persuaded that the use of the term "irrevocable" in the divorce decree supports Plaintiff's claim that she could not be replaced as beneficiary.

The divorce decree provides:

> Life Insurance During Support Obligation - Defendant shall obtain and maintain a life insurance policy or policies upon his life until both children are emancipated, or until his support obligations hereunder (including spousal support) have ceased, with a death benefit of $250,000. The parties' minor children, APRIL AND ROBIN ZIMMERMAN shall be named exclusively as irrevocable beneficiaries of $150,000 of the death benefit of such policy or policies, and plaintiff, LINDA MARIE ZIMMERMAN, shall be named exclusively at [sic] IRREVOCABLE beneficiary of $100,000 of the death benefit of such policy or policies.

(Docket No. 33, Exhibit B).

The purpose of the insurance policy was to ensure Plaintiff's support[2]. The term irrevocable indicates that the designation of Plaintiff as a beneficiary remains irrevocable unless one of the enumerated conditions occurred: Plaintiff's death, cohabitation with an unrelated male or remarriage. Unless and until one of these conditions occurred, Zimmerman had no right to change the beneficiary without Plaintiff's consent.

However, when Plaintiff remarried in 1996, the spousal support obligation, including the obligation to provide a life insurance policy ensuring the payment of spousal support, terminated.

---

[2] In her deposition, Plaintiff admitted (1) that Zimmerman's obligation to maintain insurance terminated once the spousal support provisions of the divorce decree expired (Docket No. 33, Exhibit C, p. 9), (2) the obligation to pay spousal support and maintain insurance securing the spousal support ceased on January 6, 1996, the date of her remarriage (Docket No. 33, Exhibit C, p. 10), and (3) she would only be named as irrevocable until certain conditions were met (Docket No. 33, Exhibit C, p. 24).

5

Zimmerman's obligation to Plaintiff was no longer irrevocable.  Zimmerman could change the beneficiary of the life insurance policy if he chose to do so.  On April 24, 1996, Zimmerman requested, in writing, a change of beneficiary as Plaintiff was no longer a beneficiary under the policy (Docket No. 33, Exhibit B, part 3, p. 45).  Although Defendant Minnesota Life failed to process his request, Zimmerman's "clearly expressed intent" to change the beneficiary was evidenced by a written instrument identifying the new beneficiary and providing the new beneficiary's address (Docket No. 33, Exhibit B, part 3, p. 45).

Under Ohio Law:

> Where, pursuant to such policy of insurance, the insured, by written instrument, signed by him, witnessed and sent to the insurer's office identifying the insured and the policy by number and amount, unequivocally cancels the existing beneficiary designation and directs a change of beneficiary and identifies such person by name and address, and where the instrument is received by the insurer, the insured exercises, in an appropriate manner, his right to change beneficiaries.  In such case, the failure of the insurer to affirmatively approve such change of beneficiary does not prevent such change from becoming effective – the insured's right to change the beneficiary cannot be defeated by the insurer's failure to act.

*Rindlaub v. Travelers Insurance,* 119 Ohio App. 77 (1962) *aff'd* 175 Ohio St. 303 (1963).

The failure of Defendant Minnesota Life to effectuate the change in beneficiary until after Zimmerman's death does not defeat the change.  Because Plaintiff was no longer a beneficiary, the contractual obligation between Defendant Minnesota Life and Plaintiff was terminated.  Plaintiff's claim for breach of contract must therefore fail.

Plaintiff's second argument is that Defendant Minnesota Life provided her with an "Acknowledgement of Beneficiary Change" that incorrectly classified her as an irrevocable beneficiary.  She relied upon this endorsement as conclusive evidence of her entitlement to death proceeds pursuant to Zimmerman's policy; consequently, Defendant Minnesota Life is liable for

negligent representation.  Defendant Minnesota Life argues that Plaintiff had no reasonable expectation to recover under the terms of the insurance policy once Zimmerman's obligation to pay spousal support ceased.  Defendant Minnesota Life contends that even if the information was false, it was provided by Zimmerman, not Defendant.  Further, Plaintiff cannot establish that she was damaged by the information since she did not know that the policy existed.

The elements of a claim for negligent misrepresentation are as follows:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*Merrill v. William E. Ward Insurance*, 87 Ohio App. 3d 583, 622 N.E.2d 743 (1993); *Greenberg v. Life Insurance of Virginia*, 177 F. 3d 507, 517 (6th Cir. 1999) (*citing R. J. Wildner Contracting Company v. Ohio Turnpike Commission*, 913 F. Supp. 1031, 1040 (N. D. Ohio 1996) (*quoting Delman v. City of Cleveland Heights,* 41 Ohio St.3d 1, 534 N.E.2d 835, 838 (1989))[3].

A negligent misrepresentation occurs when one "supplies false information for the guidance of others."  *Zuber v. Ohio Department of Insurance*, 34 Ohio App.3d 42, 45-46, 516 N.E.2d 244 (1986).  Negligent misrepresentation does not lie for omissions; there must be some affirmative false statement.  *Id*.  Thus, a claim for negligent misrepresentation can only be maintained if the defendant made an affirmative representation that causes justifiable reliance.  *Id.*

Even if Defendant Minnesota Life made a factual representation that was false, Plaintiff's claim fails as she is unable to demonstrate justifiable reliance as a matter of law.  In her deposition Plaintiff testified that she expected that Zimmerman would maintain insurance for her benefit until

---

[3] To the extent that the court in *Delman* addressed the public duty rule as it applies to municipalities, the public duty rule has been superseded by enactment of the Political Subdivision Tort Act, codified under OHIO REV. CODE § 2744.  *See Sudnik v. Crimi*, 117 Ohio App. 3d 394 (1997).

7

her spousal support provisions of the agreement expired (Docket No. 33, Exhibit C, p. 9). Plaintiff admitted that she was aware that Zimmerman's obligation to keep the insurance ceased when she remarried (Docket No. 33, Exhibit C, p. 10). The divorce decree did not require notice to Plaintiff from the insurance company once her spousal support ceased (Docket No. 33, Exhibit C, p. 25). Thus, Plaintiff's purported reliance upon the acknowledgment that payment of the policy proceeds was irrevocable is neither reasonable nor justified since Plaintiff knew once the obligation of support ceased, the obligation to provide a life insurance policy or policies for purposes of securing spousal support payments also ceased.

Finally, Plaintiff argues that Defendant Minnesota Life is estopped from paying to a subsequently designated beneficiary the proceeds from the insurance policy at issue since Defendant provided an acknowledgment which stated that Plaintiff was an "irrevocable" beneficiary. Plaintiff claims that she detrimentally relied upon the plain meaning of "irrevocable" to conclude that she was entitled to payment and that her consent was required to change her status as beneficiary. Defendant contends that Plaintiff did not justifiably rely on the term of the policy.

"A prima facie case for equitable estoppel requires a plaintiff to prove four elements: (1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it induced] actual reliance which is reasonable and in good faith; and (4) [that the reliance caused] detriment to the relying party." *Hutchinson v. Wenzke,* 723 N.E.2d 176, 178 (1999) (*citing Doe v. Blue Cross/Blue Shield of Ohio*, 79 Ohio App.3d 369, 379, 607 N.E.2d 492, 498 (1992)). As to the first two elements, a showing of fraud or constructive fraud is necessary. *State ex rel. Ryan v. State Teachers Retirement Systems*, 71 Ohio St.3d 362, 368, 643 N.E.2d 1122 (1994). The elements of fraud are: (1) a representation, or where there is a duty to disclose, concealment of a fact; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity, or with such

utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. *Cohen v. Lamko*, 10 Ohio St.3d 167, 169, 462 N.E.2d 407 (1984). Constructive fraud differs in that it does not require proof of fraudulent intent. *Perlberg v. Perlberg*, 18 Ohio St.2d 55, 58, 247 N.E.2d 306 (1969).

Such claims lack merit for the identical reason that Plaintiff's claim for negligent misrepresentation failed: there is no evidence that the false representation induced actual reasonable and good faith reliance. The evidence shows that Zimmerman requested the change revoking all prior beneficiary designations. In doing so, he advised Defendant Minnesota Life that the designation to Plaintiff was effective only until spousal support payments were completed pursuant to "Court Order" (Docket No. 33, Exhibit 2, p. 20).

Defendant characterizes Plaintiff's entitlement to the proceeds as irrevocable (Docket No. 33, Exhibit 2, p. 21). Even if such revocation of beneficiary designations were false and made with utter disregard for the truth, the record does not support Plaintiff's contention that her reliance was justifiable. Plaintiff acknowledged that she was entitled to spousal support for approximately eight years and that the insurance was purchased to secure that entitlement in the event that Zimmerman died before the payments were completed. Plaintiff also knew that if she remarried before the payments were completed that the obligation for spousal support was extinguished and the guarantee for that support was extinguishable. There is nothing within this line of reasoning to suggest that Zimmerman intended that Plaintiff obtain such a windfall upon completion of his support obligations. The Court cannot find that Plaintiff reasonably relied upon the "Acknowledgement of Beneficiary Change" after she remarried.

For the foregoing reasons, the Magistrate finds that Plaintiff's Motion for Summary

Judgment (Docket No. 35) is denied, Defendant's Motion for Summary Judgment (Docket No. 32) is granted and the case is dismissed.

      IT IS SO ORDERED.

                                        /s/Vernelis K. Armstrong
                                        Vernelis K. Armstrong
                                        United States Magistrate Judge